UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY THREATT,

        Plaintiff,                    Case No. 1:13-cv-422

v.                                           Honorable Robert Holmes Bell

RICK RAYMOND et al.,

        Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

        Plaintiff Anthony Threatt, a prisoner incarcerated by the Michigan Department of Corrections at the Michigan Reformatory (RMI), filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals because the actions were frivolous or failed to state a claim. *See Threatt v. Ramsey et al.*, No. 2:09-cv-248 (W.D. Mich. Jan. 6, 2010); *Threatt v. Sec. Classification Comm.*, No. 1:07-cv-12817 (E.D. Mich. July 18, 2007); *Threatt v. Birkett et al.*, No. 2:07-cv-11592 (E.D. Mich. Apr. 16, 2007); *Threatt v. Fowley et al.*, No. 1:91-cv-33 (W.D. Mich. Mar. 4, 1991); *Threatt-El v. Kitchen et al.*, No. 2:91-cv-70336 (E.D. Mich. Feb. 28, 1991). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. As a result, the Court has denied Plaintiff leave to proceed *in forma pauperis* in several other lawsuits because he has three strikes. *See, e.g., Threatt v. Thomas et al.*, No. 2:12-cv-277 (W.D. Mich. Aug. 13, 2012); *Threatt v. Rose et al.*, No. 2:12-cv-274 (W.D. Mich. Aug. 2, 2012); *Threatt v. Perry et al.*, No. 2:12-cv-278 (W.D. Mich. July 19, 2012); *Threatt v. Mich. Dep't of Corr. Parole Bd. et al.*, No. 2:12-cv-335 (W.D. Mich. Dec. 13, 2010).

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege facts establishing that he is under imminent danger of serious physical injury. The imminent-danger exception is a pleading requirement subject to the ordinary principles of notice pleading, *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (citing Fed.R.Civ.P. 8(a)(2)), and Plaintiff is entitled to have his complaint liberally construed, *see Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (citation and internal quotation marks omitted).

Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *see also Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (holding that assertions of past danger do not satisfy the imminent-

danger exception); *Vandiver*, 416 F. App'x at 561-62 (imminent danger must be contemporaneous with the complaint's filing).

In his *pro se* complaint, Plaintiff alleges that various officials at the Carson City Correctional Facility (DRF) mistreated him or engaged in a variety of retaliatory acts against him, including: refusing to provide him paper, calling him a "rat" in front of other prisoners, verbally harassing him, issuing him false misconducts, refusing to let him shower, confiscating his dictionary and hot water bottle, refusing to move him to another cell or to a lower security level, refusing to provide him with a television to alleviate stress related to his post-traumatic stress disorder, failing to inform him about the risks of taking two particular medications at the same time, and then transferring him to another prison. (Compl., docket #1, Page ID##3-11.) At the time that Plaintiff filed his complaint, however, he was confined at RMI. Plaintiff contends that staff and inmates from DRF often transfer to the prison where he is now incarcerated, but he offers no allegations to show that such a transfer has occurred or otherwise presents an imminent risk to his physical safety. Thus, Plaintiff's allegations regarding events occurring at DRF do not establish that he faces an imminent threat of injury. *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (imminent danger exception not satisfied where the plaintiff targeted defendants located at another prison facility).

Plaintiff further contends that he used his hot water bottle to soothe his neck and back pain, but he does not allege that he is at risk of physical injury without the use of his hot water bottle at RMI. Plaintiff also asserts that he previously filed a lawsuit against Officer Smith, who is now located at RMI; however, Plaintiff states no allegations indicating that Smith poses a risk to Plaintiff's physical safety. Indeed, if filing a lawsuit against a prison official is itself sufficient to

satisfy the imminent-danger exception, then the exception would be met in virtually every prisoner case.

Plaintiff also contends that "people and things" at RMI remind him of previous trauma and could "set off" his post-traumatic stress disorder. (Compl., docket #1, Page ID#10.) The foregoing allegations are not supported by additional facts suggesting an imminent risk of harm; moreover, they do not suggest a risk of serious *physical* injury.

In short, accepting Plaintiff's factual allegations as true, and construing them liberally as the Court must, they do not establish or show that he is subject to an imminent risk of serious physical injury. In addition, the Court notes that Plaintiff identifies many prison officials in his allegations, but none of those officials are named as defendants in this action. Indeed, not one of the fifteen defendants is even mentioned in body of the complaint.[1] The ostensible purpose of the imminent-danger exception is to allow prisoners like Plaintiff to remedy serious dangers that they face. Allowing Plaintiff to proceed *in forma pauperis* in this action would not serve that purpose, because the action would not address any of the conduct on which Plaintiff's claims are based.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Date:   April 29, 2013                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE

---

[1] Some of the Defendants are mentioned in Plaintiff's exhibits to the complaint, which include grievances and kites filed by Plaintiff, correspondence between Plaintiff and prison officials, and other prison documents; however, none of the exhibits expressly states any claims.

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**